IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY DELMUS STATON, | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | |
| JOHN DOE 1, | } | CIVIL ACTION NO.: |
| JOHN DOE 2, | } | _____ |
| JOHN DOES 3-10, and | } | |
| JANE DOE, | } | |
| Defendants. | } | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, GREGORY DELMUS STATON, and files his

Original Complaint, complaining of JOHN DOE 1, JOHN DOE 2, JOHN

DOES 3-10, and JANE DOE, hereinafter referred to by name or as

Defendants, and by and for his cause of action would show as follows:

Parties

1.     Plaintiff, GREGORY DELMUS STATON, is a resident of Fairfield

Virginia, in Rockbridge County, Virginia.  At all times relevant herein,

Plaintiff was a pretrial detainee, presumed to be innocent and protected by the Fourteenth Amendment against conditions that constitute punishment.

2.     Defendant, JOHN DOE 1 is a Prisoner Transportation Company. Its name, and where it is incorporated is currently unknown. It is believed to do business in the State of Virginia and Florida.

Upon information and belief, Defendant JOHN DOE 1 had a contract (oral or written) with Santa Rosa County, Florida for the transport of prisoners, including Gregory Delmus Staton. In September of 2013, JOHN DOE 1 acted as an agent of the Sheriff of Santa Rosa County, Florida in transporting GREGORY DELMUS STATON from the Rockbridge County Jail in Lexington, VA to Santa Rosa County, Florida pursuant to a requisition for extradition to that jurisdiction.

Defendant JOHN DOE 1 is responsible for administering its operations in a manner consistent with constitutional guarantees and federal and local law.

3.     Defendant JOHN DOE 2's residency and citizenship are unknown at this time. At all times relevant herein, Defendant 2 was a transporting agent employed by John Doe 1, (John Doe 1 or Defendant 1), the Prisoner Transportation Company and was responsible for transporting GREGORY DELMUS STATON from Lexington, VA to Santa Rosa County, FL.

Defendant 2 was responsible for ensuring that he follows constitutional, federal and local law. He is being sued in his individual capacity.

4.    Defendant JANE DOE, is a female transportation officer, whose residency and citizenship is unknown at this time. At all times relevant herein, JANE DOE (Jane Doe or Defendant 3) was a transporting agent employed by Defendant 1, the Prisoner Transportation Company and was responsible for transporting GREGORY DELMUS STATON from Lexington, VA to Santa Rosa County, FL. Defendant 3 was responsible for ensuring that she follows constitutional, federal and local law. She is being sued in her individual capacity.

5.    Defendants John Does 4-10 are residents of an unknown state at this time and represent all such other parties that may become known through discovery. No service is requested at this time. At all times relevant herein, Defendants, John Does 4-10 are a transporting agent, employers, or principles directing the agents who were responsible for transporting GREGORY DELMUS STATON from Fairfield, VA to Santa Rosa County, FL or are persons responsible for such activity directly or indirectly. Defendants John Does 4-10 were responsible for ensuring they follow constitutional, federal and local law. They are being sued in their individual capacity.

## JURISDICTION

6.    This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331 because those claims arise under the Constitution and laws of the United States, and pursuant to 28 U.S.C. §1343(a)(3) and (a)(4) because this action seeks to redress the deprivation, under color of state law, of Plaintiff's civil rights. The Court has supplemental jurisdiction of the Virginia and Florida state law claims pursuant to 28 U.S.C. §1367.

7.    Upon information and belief, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

8.    Defendant 1's state of incorporation, headquarters, and principle place of business is unknown at this time.

9.    Defendant's 2-10, state citizenship is unknown at this time.

10.    Plaintiff GREGORY DELMUS STATON is a citizen of the State of Virginia.

12.    Upon information and belief, diversity of citizenship exists.

13.    The amount in controversy exceeds $75,000.00, exclusive of

interest and costs.

14.    This Court has *in personam* jurisdiction over all Defendants pursuant to Virginia Code sections 8.01-328.1(A)(1) & (3).

## VENUE

15.    Venue is proper in the United States District Court for the Western District of Virginia subject to the limitation that two different venues apply. First venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), in Virginia because a substantial portion of the events and omissions giving rise to this claim occurred in Virginia. Second, Venue is also proper in Florida, pursuant to 28 U.S.C. § 1391(b)(2),  because a substantial portion of the events and omissions giving rise to this claim occurred in Florida.

## LIMITATION OF ACTIONS:

Counsel believes that the limitations of actions timeframe of the State of Florida applies and is four years for the claims of the plaintiff. Peradventure that the applicable statute of limitations for this cause is the time to act under Virginia law ( two years), out of an abundance of caution, the case is being filed as a place holder to toll the time for action and to allow counsel to further obtain relevant facts to further state the Plaintiff's cause.

## STATEMENT OF FACTS

16.     On or about September 26, 2013, Plaintiff GREGORY DELMUS STATON was picked up by Defendants John Doe 2 and Jane Doe,  to be transported and brought down to the Santa Rosa County Sheriff's Office in Milton, Florida.

17.      Transporting agents often have custody and control of prisoners for many days.

19.     During a transport, transporting agents, and their principles are responsible for the health and safety of the prisoners in their custody, including ensuring that they provide adequate food, water, toilet facilities, and other necessities to the prisoners.

20.     Defendant John Doe 1, the Prisoner Transportation Co., assigned one male and one female crew to transport Plaintiff GREGORY DELMUS STATON from VA to FL.

21.     Defendant John Doe 1, through its agents, Defendants 1-14, took custody of Plaintiff GREGORY DELMUS STATON in Virginia shortly after midnight on the morning of September 26, 2013 and continued and exclusively maintained his custody and control until about 2:00 a.m., on the morning of September 29, 2013.

22.    Plaintiff was shackled, later handcuffed, and placed in a small sectioned off area of the van which had no air conditioner vents for much of a 100 degree trip.

23.    Plaintiff was forced to ride in this van with 11 inmates during significant parts of a non-stop ride that lasted for three twenty-four (24) hour days, with no room to move about to stretch, plaintiff suffered leg cramps, back pains, knee pains, sleep deprivation, and severe emotional and physical distress as a result of being in a such restricted area for such an extended period of time.

23.    Plaintiff was not given adequate water or food during the three (3) day ride.

24.    Plaintiff was given a bottle to use the restroom in for much of the four day ride.

25.    Defendants retained custody and control of Plaintiff for approximately three (3) days during which Defendants transported him from Virginia, down and up the east coast multiple times.

26.    Defendant, along with 10 other transported detainees, were not able to shower, brush their teeth, clean up, or sleep in a bed for the three (3) days and three (3) nights.

27.    Ten (10) additional male inmates were picked up and placed in the same small sectioned off area as Plaintiff. The males were cramped into the small area and lacked circulating air. Plaintiff and the other males requested, on multiple occasions, to open the window and turn the air vent towards them. They also requested that the Defendants open the door in the area they were contained to allow them more room. All requests were denied by Defendants.

28.    During the transport trip, Defendant John Doe 2 , drove the transport van in an unsafe and erratic manner and were traveling at high rates of speed.  The cramped space, lack of circulating air and the tumultuous ride, made it impossible for Plaintiff to get any rest.

29.    During the entire transport period, Defendants only provided Plaintiff with half cups of McDonald's water, but because of the lack of air, heat, and shackles, Plaintiff often was unable to drink.

30.    During almost the entire trip, Defendants kept Plaintiff in shackles connected at his wrists and ankles. The Plaintiff was only allowed to exit the vehicle and stretch once.

31.     Plaintiff requested to use the restroom at many stops but was not allowed to do so, and was forced to use a bottle.

32.    Throughout the transport, Defendants conducting the transport were very disrespectful and condescending to Plaintiff.

33.    Plaintiff was distraught and emotional upon arrival at the Santa Rosa County Sheriff's Office due to the extremely inhumane conditions that he endured during the transport.

34.    Defendants knew of the unsafe and inhumane conditions to which it subjected Plaintiff. The conditions of confinement created by Defendants caused Plaintiff physical injury, severe pain, discomfort, serious dehydration, and severe mental distress.

35.    Defendant's 1-10's employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendant 1 or was done in the normal and routine course and scope of employment of such persons. Under the doctrine of *Respondeat Superior*, Defendant John Doe 1, is liable to the Plaintiff for the conduct or omissions of their employees, including, but not limited to John Doe 2 and Jane Doe as well as Defendants John Does 3-10.

## LEGAL CLAIMS AS TO ALL DEFENDANTS

### 42 U.S.C. § 1983

36.    Defendants engaged in a deliberate and outrageous invasion of

Plaintiff's constitutional rights that shocks the conscience.

37.    Defendant John Doe 1's, deliberate indifference to the risk posed by

Defendants John Doe 2 and Jane Doe is reflected in their failure to conduct

adequate screening prior to hiring transport agents; their failure to provide

adequate training and supervision of transport agents sufficient to assure

that the rights of prisoners are protected.

38. Defendants imposed punishment on Plaintiff, who was in their

custody as a pre-trial detainee.

39. Defendants subjected Plaintiff to unreasonable seizure and the

unreasonable invasion of his right of privacy.

40. Defendants violated Plaintiff's right to bodily integrity.

41.    The deprivations of Plaintiff's rights described herein are not

reasonably related to the furtherance of any legitimate interest in security

or any other legitimate interest.

42.    Defendants deprived Plaintiff of liberty without due process of law

and deprived him of rights protected by the Fourth, Ninth and Fourteenth

Amendments to the United States Constitution.

43.     Defendant's actions and/or omissions were willful and malicious, and were performed with reckless disregard of the rights of Plaintiff.

44.     As a direct and proximate result and consequence of the actions of Defendants, Plaintiff endured humiliation, severe emotional distress, psychiatric trauma and physical injury including but not limited to cuts, abrasions on his wrists, back, and body.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     Plaintiff is an individual and is seeking damages in his individual capacity.

46.     Defendants recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by allowing and promoting a threatening and unduly hostile and antagonistic environment.

47.     As a direct and proximate result of Defendants' acts and omissions, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was physically injured and damaged thereby.

46. Defendants' actions were willful, malicious, and done with reckless disregard of Plaintiff's rights.

## NEGLIGENCE

48.     Defendants owed Plaintiff a duty to act with ordinary care.

49.     Defendants did not act with ordinary care toward Plaintiff.

50.     Defendants owed a duty of reasonable care to protect Plaintiff from unsafe, cruel, and/or dangerous treatment and provide safe conditions during his transport. Defendants breached that duty.

51.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injury and severe mental and emotional distress and was injured and damaged.

52.     Defendant's actions were willful, malicious and performed with reckless disregard for Plaintiff's rights and feelings.

## FALSE IMPRISONMENT

53.     Defendant John Doe 1, by and through its agents, acting within the scope of their agency, falsely imprisoned Plaintiff by intentionally and unlawfully restricting Plaintiff's freedom of movement. At the time of the

imprisonment, John Doe 1 knew that Plaintiff's freedom of movement had been restricted.

54.     As a direct and proximate cause of the actions of Defendant John Doe 1, by and through its agents John Doe 2 and Jane Doe and Defendants John Doe 3-10 Plaintiff suffered physical injury and severe mental and emotional distress and was injured and damaged.

55.     The actions of Defendant John Doe 1, by and through its agents and Defendants John Doe 2, Jane Doe and John Does 3-10, were willful, malicious, and performed with reckless disregard for Plaintiff's rights and feelings.

## LEGAL CLAIMS AS TO DEFENDANT 1 ONLY

## NEGLIGENT HIRING, INVESTIGATION, RETENTION, TRAINING

56.     The particular duties and responsibilities of Defendant John Doe 1's employees, such as Defendants 2-3, place these employees in a special relationship of power and control over otherwise defenseless persons such as Plaintiff.

57.     As a result of the particular duties and responsibilities of its

employees, Defendant John Doe 1, had a duty to exercise ordinary care in screening and investigating the background of applicants for employment.

58. Upon information and belief, Defendant Joh Doe 1, failed to act with ordinary care in adequately screening and investigating the background of Defendants John Doe 2, and Jane Doe before hiring them into a position of power and control.

59. Upon information and belief, prior to its transport of Plaintiff,

Defendant John Doe 1, knew, or should have known, that Defendants John doe 2 and Jane Doe posed a risk of abusing prisoners, but failed to act with ordinary care in continuing to employ them, in not adequately training and/or supervising them.

60. As a direct and proximate result of Defendant John Doe 1's failure to act with ordinary care, Plaintiff suffered injury and damages, including physical injury and severe mental and emotional distress.

61. Defendant John Doe 1's actions were willful, malicious, and performed with reckless disregard for Plaintiff's rights and feelings.

## BREACH OF CONTRACT

62.    Upon information and belief, Defendant JOHN DOE 1, entered into a verbal or written contract with the Santa Rosa County Sheriff's Office for the transportation of extradited prisoners, including Plaintiff.

63.    Plaintiff was a third-party beneficiary of such contract between Defendant John Doe 1, the Prisoner Transportation Company, and the Santa Rosa County Sheriff's Office.

64.    Upon information and belief, Defendant John Doe 1, breached the duties, obligations, and performance required of it under the contract and failed to provide safe transportation to Plaintiff.

65.    As a direct and proximate result of Defendant John Doe 1's breach of this contract as it concerned Plaintiff, a direct third-party beneficiary, Plaintiff suffered physical injury and severe mental and emotional distress, and was injured and damaged.

66.    Defendant John Doe 1 was attended by willful, malicious, and wanton conduct and by reckless disregard of Plaintiff's rights and feelings.

## **DAMAGES**

67.    As a direct and proximate result of the occurrence made up of the actions of the Defendants which are the basis of this lawsuit, Plaintiff

suffered serious personal, mental and emotional injuries and damages. Specifically, Plaintiff suffered the following damages:

a. Reasonable medical care and expenses in the past and which in all reasonable probability may or will be incurred in the future including such expenses as were incurred by Plaintiff for the necessary care and treatment (including but not limited to counseling) of the injuries and damages resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges;

b. Physical pain and suffering in the past and will continue in the future;

c. Mental anguish in the past and will continue to suffer in the future;

d. Severe emotional distress in the past and will continue to suffer in the future;

e. All actual and/or consequential damages in the past and will continue to suffer in the future;

f. Prejudgment and post-judgment interest;

g. Court costs; and

h. Attorney fees.

68.   By reason of the above, Plaintiff has suffered losses and damages

in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court.

69. Plaintiff seeks exemplary damages against Defendant John Doe 1, in an amount that the jury may award in its discretion as an example to others and as a penalty or by way of punishment. The jury should be instructed that there are certain factors that they may consider which include but are not limited to the following:

     A. The nature of the wrong;
     B. The character of the conduct involved;
     C. The degree of culpability of the wrongdoer;
     D. The situation and sensibilities of the parties concerned;
     E. The extent to which such conduct offends a public sense of justice and propriety;
     F. The net worth of the Defendants; and
     G. The inconvenience, attorney fees, expenses of litigation, and other expenses not recoverable as actual damages.

69. In that connection, the jury should be entitled to consider evidence of actual damages so as to award a proportional award of exemplary damages.

70. Because of the damages sustained by Plaintiff in the occurrence made the basis of this suit, this cause is maintained. Plaintiff will ask the jury to award money damages in this case in an amount commensurate with their fair and just damages. Plaintiff believes those damages to be in excess of the minimal jurisdictional limits of this Court.

## JURY DEMAND

70. Plaintiff hereby demands a jury trial in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the

Defendants be cited to appear and answer herein, and that upon final trial,

he have judgment against said Defendants with interest thereon at the legal

rate, for costs of court, and for such other and further relief to which he

may show himself justly entitled.

Respectfully Submitted,
Gregory Delmus Staton,
by Counsel

_____
Harry W. Brown, Esq.  (VSB41300)
The Brown Law Firm, PC
125 Kirk Ave, SW
Roanoke, VA 24011
Ph. 540-345-0200
Fax 540-345-4049
hwb@hblawoffice.roacoxmail.com