IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| GREGORY DELMUS STATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 6:15cv34 |
| v. ) | |
| ) | |
| JOHN DOE, ET AL., ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Delmus Staton, by counsel, seeks relief under 42 U.S.C. § 1983 for events that allegedly occurred during his transport from a jail in Virginia to the Santa Rosa County Sheriff's office in Florida in September 2013. Staton also brings state law claims against the defendants. Currently before me is Staton's motion for an extension of time to serve defendants not yet served (Dkt. No. 9).[1] For the reasons set forth below, I recommend that Staton's motion for an extension of time to serve defendants be **DENIED.**

When Staton filed his complaint on September 29, 2015, he was unable to name any defendants and instead used John Doe 1–10 and Jane Doe as placeholders. Thereafter, Staton filed a return of service indicating that "John Doe 1, believed to be USG7, LLC" was served on December 23, 2015. See Dkt. No. 8. However, Staton has not filed a return of service for any of the other defendants and on January 28, 2016 he filed a motion to enlarge time for service upon defendants. In his motion, Staton stated that the remaining defendants were all "believed to be employees of [John Doe 1]" and that "despite the best efforts of the plaintiff no information has

---

[1] I find it appropriate to dispense with oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 11(b). Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

become available which would allow the plaintiff to effect service . . . and good cause exists to extend time." Mot. at 2, Dkt. No. 9.

On May 20, 2016, I entered an order directing Staton to show good cause for why service had still not been made, including stating "with specificity the steps he has taken to accomplish service of process." See Dkt. No. 11. Staton submitted his response on June 6, 2016, explaining that he had requested documents from the Santa Rosa County and Rockbridge County Sheriffs' offices, served USG7, LLC, made "multiple calls and mailed letters to contact persons whose identities are known," reviewed internet activity related to USG7, LLC and US Corrections, LLC, reviewed federal litigation dockets and pleadings, and unsuccessfully attempted to contact an individual named Ash Jacques, who may be "a common link between US Corrections, LLC, and USG7, LLC."[2] See P's Br. at 1-3, Dkt. No. 15.

At the time Staton filed his complaint in September 2015, Federal Rule of Civil Procedure 4(m) permitted dismissal of an action without prejudice "[i]f a defendant is not served within 120 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m).[3] The rule allows the court to either dismiss on motion or *sua sponte,* after notice to the plaintiff. Fed.R.Civ.P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Whether Rule 4(m) vests a court with discretion to extend the service deadline in the absence of good cause is less clear.[4] But, because I recommend declining to

---

[2] Staton indicates that US Corrections, LLC and USG7, LLC "apparently now engage[] in the same business activity and serve[] some of the same customers, apparently with some of the same personnel and . . . common owners and/or ownership." P's Br. at 2, Dkt. No. 15.

[3] By amendment effective December 1, 2015, the presumptive time for serving a defendant is now reduced from 120 days to 90 days.

[4] In Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit held that good cause was required to excuse a delay in service beyond 120 days. However, a year later the United States Supreme Court observed in Henderson v. United States that "courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" 517 U.S. 654, 662 (1996) (quoting Advisory

2

Case 6:15-cv-00034-NKM   Document 17   Filed 08/19/16   Page 2 of 5   Pageid#: 47

extend the time for service, I need not decide whether I have discretion to extend the 120-day window for service absent a showing of good cause. See Carderelli v. Duruttya, No. 5:15CV00004, 2015 WL 5430252, at *5 (W.D. Va. Sept. 14, 2015).

To show "good cause" for extension of the Rule 4(m) deadline, Staton must show that he "made reasonable and diligent efforts to effect service prior to the 120–day limit . . . ." Quann v. White–Edgewater, 112 F.R.D. 649, 659 (D.Md.1986); Elkins v. Broome, 213 F.R.D. 273, 276 (M.D .N.C. 2003) (citing 1 James W. Moore et al., Moore's Fed. Practice § 4 .82[1] (3d ed.2002)) ("[T]o establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service."). Accordingly, a court may find good cause "where the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking

---

Committee Notes on 1993 Amendments to Rule 4(m)). Following Henderson, district courts in the Fourth Circuit have questioned whether Mendez is still valid. See Tenenbaum v. PNC Bank Nat. Ass'n, No. CIV.A. DKC 10-2215, 2011 WL 2038550, at *3, fn 2 (D. Md. May 24, 2011) (collecting cases). The Court of Appeals has even failed to follow Mendez in unpublished cases. See, e.g., Hansan v. Fairfax Cnty. Sch. Bd., 405 F.App'x 793, 793–94 (4th Cir.2010) ("The district court must extend the 120–day period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve.") (citations omitted)); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237 (4th Cir. 1999) (citing Henderson and stating "we believe that the district court, in its discretion, could have extended the time for proper service of process" but saving for another day whether "formal adoption of the Henderson dicta [is] the appropriate construction of Rule 4(m) in our Circuit.") At bottom, however, Mendez has not been overruled, and thus "remains the law of this circuit." Tenenbaum, 2011 WL 2038550, at * 4; but see Robinson v. G D C, Inc., No. 1:16-CV-174, 2016 WL 3461285, at *3 (E.D. Va. June 21, 2016) (noting debate surrounding whether Mendez is still good law, but holding that "at long last, with the promulgation of the 2015 Amendment to Rule 4(m), the matter can be laid to rest: Mendez is no longer controlling authority in this circuit."). Moreover, in Chen v. Mayor & City Council of Baltimore, a more recent unreported decision, the Court of Appeals affirmed a district court's holding that it had no discretion under Mendez, to extend the Rule 4(m) deadline, absent a showing of good cause. See Chen v. Mayor & City Council of Baltimore, 292 F.R.D. 288, 293, 293 n. 8 (2013) (noting the "avalanche of cases within this circuit that question the validity of Mendez," but joining "the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez "), aff'd, 546 F. App'x 187 (4th Cir.2013), cert. granted in part, 135 S.Ct. 475 (2014) (limited to question of whether Rule 4(m) gives district courts discretion to extend the time for service absent a showing of good cause), cert. dismissed, 135 S.Ct. 939 (2015) (on account of petitioners failure to file timely brief), reh'rg denied, 135 S.Ct. 1485 (2015).

3

such an affirmative action.' " Tenenbaum, 2011 WL 2038550, at *4 (quoting Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.Va.1992)).

Staton has now had ample opportunity to show good cause for his failure to timely effect service. In my May 23, 2016 order, I specifically cited to Rule 4(m) and directed Staton to show "good cause for why service has still not been made." See Dkt. No. 11. While Staton listed steps he had taken in his attempt to accomplish service of process, other than indicating that an individual named Ash Jacques may be avoiding his calls and letters, Staton provided no explanation as to why he could not identify the defendants from the information he apparently obtained, nor has he provided any reasons for his continued delay. Accordingly, I find that Staton has not shown good cause for his failure to timely effect service. Further, to the extent that I may have discretion to extend the service deadline absent good cause, I decline to exercise such discretion. See Hoffman v. Baltimore Police Dep't, 379 F. Supp. 2d 778, 786 (D. Md. 2005) ("Were the Court to assume that Mendez is no longer good law and that a finding of good cause is not required, the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.").

Therefore, it is hereby **RECOMMENDED** that Staton's motion for an extension of time to serve defendants (Dkt. No. 9) be **DENIED** and Staton's claims against the defendants not yet served (John Does 2–10 and Jane Doe) be dismissed without prejudice, for failure to serve process within the time provided by Rule 4(m).[5]

---

[5] Staton asserts in his complaint that, though he believes that the four-year Florida statute of limitations applies to his claims, he is filing this case as a "place holder to toll the time for action and to allow counsel to obtain relevant facts . . ." in the event that the two-year Virginia statute of limitations applies. Compl. at 5, Dkt. No. 1. A dismissal without prejudice does not permit Staton "to refile without the consequence of time defenses, such as the statute of limitations." Mendez, 45 F.3d at 78. Moreover, if Virginia's statute of limitations applies, Staton likely did not preserve his claim by filing on the date the statute of limitations expired but naming only John Doe defendants. Under Federal Rule of Civil Procedure 15(c)(3), a plaintiff may amend his complaint to include the actual parties in place of "John Doe" defendants after the statute of limitations has expired for the underlying conduct only if the plaintiff can demonstrate notice and mistake. However, "the weight of federal case law hold[s] that the substitution

4

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: August 19, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

of named parties for 'John Doe' defendants does not constitute a mistake pursuant to Rule 15(c)(3)." Locklear v. Bergman & Beving AB, 457 F.3d 363, 366-67 (4th Cir. 2006); Cornett v. Weisenburger, No. CIV.A. 1:05CV00101, 2007 WL 321399, at *6 (W.D. Va. Jan. 31, 2007) ("[I]t is well-settled from the applicable Fourth Circuit and Western District case law, that [plaintiff] should not be permitted to amend his complaint to remove the John Doe defendants and substitute real parties, because his lack of knowledge of the proper defendants is not considered "mistake" under Rule 15(c)(3).")