# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| GREGORY DELMUS STATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 6:15cv34 |
| v. ) | |
| ) | |
| JOHN DOE, ET AL., ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Delmus Staton, by counsel, seeks relief under 42 U.S.C. § 1983 for events that allegedly occurred during his transport from a jail in Virginia to the Santa Rosa County Sheriff's office in Florida in September 2013. Staton also brings state law claims against the defendants. On August 19, 2016, I recommended denying Staton's motion for an extension of time to serve defendants not yet served and dismissing Staton's claims against defendants John Doe 2–10 and Jane Doe without prejudice, for failure to serve process within the time provided by Federal Rule of Civil Procedure 4(m). Judge Norman K. Moon entered an order on September 12, 2016 adopting the Report and Recommendation. Currently before me are two motions: (1) motion to amend the complaint to name USG7, LLC in place of John Doe 1 (Dkt. No. 12); and (2) motion for default judgment as to USG7, LLC (Dkt. No. 13).[1]

**I.  Motion to Amend**

Staton asserts that when he filed his complaint on September 29, 2015, he named an "unknown prisoner transport company as John Doe 1." Staton has now identified the prisoner

---

[1] I find it appropriate to dispense with oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 11(b). Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

transport company as USG7, LLC. Staton also filed a return of service made on "John Doe 1, believed to be USG7, LLC."[2]

Staton cannot amend his complaint without "the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). This Rule provides that "[t]he court should freely give leave when justice so requires." Id. The Supreme Court has emphasized this requirement, stating:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, futility is grounds for denial of a motion to amend under Rule 15(a)(2). Where a proposed amendment is made beyond the statute of limitations and it would not relate back to the original complaint, such an amendment would be futile. See United States v. Pittman, 209 F.3d 314, 318–19 (4th Cir. 2000) (holding that "[w]here the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied"). Significantly, if Virginia's two-year statute of limitations for § 1983 applies, the amendment is likely barred by the statute of limitations and thus is futile.[3]

---

[2] At this time, I make no finding regarding whether Staton made effective service on John Doe 1 or USG7, LLC.

[3] Staton states he is filing this case as a "place holder to toll the time for action and to allow counsel to obtain relevant facts . . ." in the event that the two-year Virginia statute of limitations applies. Compl. at 5, Dkt. No. 1. I note that under Federal Rule of Civil Procedure 15(c)(3), a plaintiff may amend his complaint to include the actual parties in place of "John Doe" defendants after the statute of limitations has expired for the underlying conduct only if the plaintiff can demonstrate notice and mistake. However, "the weight of federal case law hold[s] that the substitution of named parties for 'John Doe' defendants does not constitute a mistake pursuant to Rule 15(c)(3)." Locklear v. Bergman & Beving AB, 457 F.3d 363, 366-67 (4th Cir. 2006); Cornett v. Weisenburger, No. CIV.A. 1:05cv00101, 2007 WL 321399, at *6 (W.D. Va. Jan. 31, 2007) ("[I]t is well-settled from the applicable Fourth Circuit and Western District case law, that [plaintiff] should not be permitted to amend his complaint to remove the John Doe defendants and substitute real parties, because his lack of knowledge of the proper defendants is not considered "mistake" under Rule 15(c)(3).")

2

However, Staton asserts in his complaint that he believes the four-year Florida statute of limitations applies to his § 1983 claims, and there is nothing currently before me that definitively contradicts his representation. Accordingly, I recommend that the motion to amend the complaint to name USG7, LLC in place of John Doe 1 be granted.

## II. Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. See Music City Music v. Alfa Foods, Ltd., 616 F.Supp. 1001, 1002 (E.D.Va.1985). However, prior to entering a default judgment, a court must be satisfied that the complaint states a legitimate cause of action. See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 506 (4th Cir.1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). Because I find that the complaint fails to state a claim under § 1983 against either John Doe 1 or USG7, LLC, I recommend denying the motion for default judgment (Dkt. No. 13) and dismissing the claims against John Doe 1 with leave to amend.[4]

### A. Allegations

---

[4] I also note that Staton has filed a motion for default judgment under Rule 55(b) without first obtaining an entry of default against USG7, LLC. Prior to obtaining a default judgment under Rule 55(b), there must be an entry of default as provided by Rule 55(a). See Fed. R. Civ. P. 55 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); see also Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006) (explaining that Rule 55 "sets forth a two-step process for obtaining a default judgment"); Husain v. Casino Control Comm'n, 265 F. App'x 130, 133 (3d Cir. 2008) (explaining that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)").

3

Staton contends that John Doe 1 is a prisoner transport company that had a contract with Santa Rosa County, Florida, for the transport of prisoners. Compl. ¶ 2, Dkt. No. 1. John Doe 2 and Jane Doe were transporting agents employed by John Doe 1. The remaining defendants (John Doe 4–10 and Jane Doe) were "transporting agent[s], employers, or principles." Id. at ¶¶ 4, 5. In September 2013, John Doe 1 transported Staton from a jail in Virginia to the Santa Rosa County Sheriff's Office in Milton, Florida, pursuant to an extradition order to that jurisdiction. The trip lasted from September 26, 2013 until September 29, 2013.

In his complaint, Staton alleges that he was "forced to ride in [a] van with 11 inmates" while shackled and handcuffed for an unsafe, tumultuous "non–stop ride that lasted for three 24–hour days" and was not given adequate food or water, allowed to shower, use the restroom,[5] brush his teeth, or sleep in a bed. Id. at ¶¶ 22–26, 28. The van had no air conditioning, and Staton asserts temperatures reached 100 degrees. Id. at 22. Staton alleges that as a result of the defendants' actions he "endured humiliation, severe emotional distress, psychiatric trauma and physical injury including but not limited to cuts, abrasions on his wrists, back, and body." Compl.¶ 44, Dkt. No. 1.

**B. Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Twombly, 550 U.S. at 555, 570 (internal alterations and quotations omitted). Thus, neither "a formulaic recitation of the elements of a cause of action," id., nor "naked

---

[5] Staton alleges he "requested to use the restroom at many stops but was not allowed to do so, and was forced to use a bottle." Compl. at ¶ 31.

assertions devoid of further factual enhancements" will suffice. Iqbal, 556 U.S. at 678 (internal alterations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations must "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Iqbal, 556 U.S. at 678), aff'd sub nom, Coleman v. Ct. of Appeals of Md., 132 S. Ct. 1327 (2012).

### C. Section 1983

Section 1983 provides a cause of action against persons who, acting under color of state law, deprive a citizen of the rights, privileges, and immunities secured by the Constitution and federal law. For a municipality or other government entity to be liable under § 1983, a plaintiff must establish: (1) a deprivation of a constitutionally protected right; (2) resulting from a policy, practice, or custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691–94 (1978). Generally, private, non-governmental entities and their employees are not state actors and, thus, are not liable under § 1983. Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir.1993). However, where the "the private entity has exercised powers that are traditionally the exclusive prerogative of the state," they are considered state actors in the performance of those functions. Haavistola v. Cmty. Fire Co. of Rising Sun, 6 F.3d 211, 215 (4th Cir. 1993) quoting Alcena v. Raine, 692 F.Supp. 261, 267 (S.D.N.Y.1988); see also Willis, 993 F.2d at 840. "Transportation and security of pretrial detainees and prisoners are functions that traditionally have been the exclusive prerogative of the government." Centaur v. Prisoner Transp. Servs. of Am., No. 1:12-CV-2626-TWT-LTW, 2012 WL 6803978, at *4 (N.D. Ga. Nov. 6, 2012) (citing Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir.2011) , report and

5

recommendation adopted, No. 1:12-CV-2626-TWT, 2013 WL 85069 (N.D. Ga. Jan. 7, 2013). Thus, although John Doe 1 is a private entity, Staton has alleged facts to support a plausible finding that John Doe 1 and its employees may be held liable under § 1983 for their actions in connection with the transport of Staton under a government contract, and thus, be considered to have acted under the color of state law.

Staton alleges that:

> John Doe 1's deliberate indifference to the risk posed by defendants John Doe 2 and Jane Doe is reflected in their failure to conduct adequate screening prior to hiring transport agents; their failure to provide adequate training and supervision of transport agents sufficient to assure that the rights of prisoners are protected.

Comp. ¶ 37, Dkt. No. 1. Thus, Staton attempts to advance three separate § 1983 claims against John Doe 1 based on John Doe 1's hiring and alleged failure to properly train and supervise the John Doe defendants. Staton also appears to attempt to advance a claim related to the conditions of confinement in the transport vans.

1. Hiring

Section 1983 liability can be premised on the decision to hire an employee who subsequently violates a plaintiff's constitutional rights. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397 (1997). However, because § 1983 does not permit entities to be held vicariously liable, such claims are only permissible if the plaintiff can satisfy "rigorous standards of culpability and causation." Id. at 405. To succeed, the plaintiff must show that the entity's hiring process would lead a "reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire [an] applicant" would likely be the "deprivation of a third party's federally protected right." Id at 411. Further, "culpability simply cannot depend on the mere probability that any officer inadequately screened will inflict any constitutional injury.

6

Rather, it must depend on a finding that *this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." Id. at 412.

Staton's bare allegation that John Doe 1 failed to "conduct adequate screening prior to hiring transport agents" does not meet the heightened pleading standard under Twombly and Iqbal. Accordingly, I find that Staton's claim against John Doe 1 related to hiring certain employees fails and recommend that it be dismissed with leave to amend.

2. Training

To establish liability on failure to train claim under § 1983, a plaintiff must plead and prove that: (1) the subordinates actually violated the plaintiff's constitutional or statutory rights; (2) the supervisor failed to properly train the subordinates, illustrating a "deliberate indifference" to the rights of the persons with whom the subordinates come into contact; and (3) this failure to train actually caused the subordinates to violate the plaintiff's rights. Brown v. Mitchell, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004) citing Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.' City of Canton, Ohio v. Harris, 489 U.S. 378, 379 (1989) (noting that "Monell will not be satisfied by a mere allegation that a training program represents a policy for which the city is responsible."). Further, the "identified deficiency in the training program must be closely related to the ultimate injury." Id.

I cannot find any factual allegations that provide more than a formulaic recitation of the elements of a failure to train claim. See Twombly, 550 U.S. at 555 (holding that the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."). Staton has failed to allege any facts showing that a specific insufficiency in John Doe 1's training program actually caused his alleged injuries. See City of Canton, Ohio, 489 U.S. at 379 (finding

7

that "respondent must still prove that the deficiency in training actually caused the police officers' indifference to her medical needs."). As a result, I find that Staton's claim for failure to train against John Doe 1 fails and recommend that it be dismissed with leave to amend.

3. Supervision

An entity can be subject to § 1983 liability for failing to properly supervise employees. Three elements are necessary to establish such liability: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791 (4th Cir.1994); see also Wilkins v. Montgomery, 751 F.3d 214, 226–26 (4th Cir.2014)(quoting test articulated in Shaw).

Similarly to Staton's failure to train claim, he has failed to allege any factual allegations that provide more than a formulaic recitation of the elements of a failure to supervise claim. See Twombly, 550 U.S. at 555; see also Cook v. Howard, 484 F. App'x 805, 811 (4th Cir. 2012) (finding that amended complaint failed to state a claim for supervisory liability under § 1983 because it merely contended that, because decedent's death "occurred at a time when they were supervisors [], they have imputed knowledge of their subordinates' conduct and should be held liable"). As a result, I find that Staton's claim for failure to supervise against John Doe 1 fails and recommend that it be dismissed with leave to amend.

4. Conditions of Confinement in the Transport Van

Staton was a pretrial detainee when the events alleged in his complaint occurred. Accordingly, his claims regarding his confinement are governed by the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. See Bell v. Wolfish, 441 U.S. 520, 535–38 (1979); Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987). The Fourteenth Amendment proscribes punishment of a detainee prior to an adjudication of guilt, without due process of law. Bell, 441 U.S. at 535–38. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992). To establish a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish; or (2) lack of a reasonable relationship to a legitimate non-punitive governmental objective, from which a punitive intent may be inferred. Id. citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988); Fitzgerald v. Sprinkle, No. 7:10-CV-00364, 2010 WL 3292657, at *1 (W.D. Va. Aug. 19, 2010) ("As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates.").

While Staton's trip from Virginia to Florida was very likely uncomfortable, Staton has not alleged anything in his complaint indicating that the conditions of the trip were intended to punish him. Further, Staton's allegations do not support a finding that a custom or policy of John Doe 1 caused the allegedly unconstitutional confinement. Staton has not demonstrated that the conditions in the transport van were punitive or not reasonably related to a legitimate government interest, thus, I find that his claim concerning the conditions of his confinement fails, and recommend that it be dismissed with leave to amend.

**D. Pendent Jurisdiction**

The disposition of Staton's § 1983 claims would still leave remaining state law claims against John Doe 1. In such a case, the exercise of pendent jurisdiction is discretionary and not as of right. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Under the Gibbs standard, "when the federal–law claims have dropped out of the law suit in its early stages and only state–law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (footnote omitted). While this rule is not mandatory, it recognizes that the balance of factors a court should consider in exercising its pendent jurisdiction—judicial economy, convenience, fairness, and comity to state courts—will ordinarily lead a court to decline to exercise jurisdiction over the remaining state–law claims. Gibbs, 383 U.S. at 726.

Applying the Gibbs factors to Staton's claims convinces me that, if Staton is unable to amend his complaint to state a claim under § 1983, the court should decline to exercise its pendent jurisdiction. Nothing in the present case indicates deviation from the general principle recognized by the Supreme Court in Carnegie–Mellon. Thus, I advise Staton that the court may elect not to exercise pendent jurisdiction over the remaining state law claims for intentional infliction of emotional distress, negligence, false imprisonment, breach of contract, and negligent hiring, investigation, retention, and training.[6]

### III. Conclusion

For the foregoing reasons, I recommend **GRANTING** the motion to amend the complaint to name USG7, LLC in place of John Doe 1 (Dkt. No. 12). I **RECOMMEND**

---

[6] In his complaint, Staton concedes that the citizenship of the John Doe defendants is unknown. His allegation that "upon information and belief, diversity of citizenship exists" is not sufficient to allege diversity jurisdiction. Compl. ¶¶ 8–12; See Ancient Egyptian Arabic Order Nobles Mystic Shrine of N. & S. Am. & its Jurisdiction, Inc. v. Most Worshipful Prince Hall Grand Lodge of Virginia, Free & Accepted Masons, Inc., No. CIV. A. 3:09cv521, 2009 WL 4068454, at *2 (E.D. Va. Nov. 19, 2009) (holding that "as the plaintiffs have not affirmatively alleged the citizenship of the John Doe defendants, they have not adequately alleged diversity jurisdiction").

**DISMISSING** Staton's § 1983 claims against John Doe 1 with leave to amend for failure to state a claim upon which relief may be granted. Because I find that Staton's § 1983 claims against John Doe 1 fail to state a claim, I **RECOMMEND DENYING** the motion for default judgment (Dkt. No. 13). I also **RECOMMEND** that if Staton fails to file in this court an amended complaint stating a claim against USG7, LLC, that it be dismissed from this action without prejudice. Staton is further advised that any amended complaint must be properly served upon USG7, LLC.

    The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

    Entered: October 12, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge